IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WILLIE ALBERT SMITH,

    Plaintiff,

v.                                                CASE NO. 1:15-cv-247-MP-GRJ

FOOD SERVICE
DIRECTOR McCULLEN, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Willie Albert Smith, DOC #040330, an inmate presently confined at Mayo Correctional Institution, initiated this case by filing a *pro se* Complaint pursuant to 42 U.S.C. § 1983 and seeks leave to proceed as a pauper. ECF Nos. 1, 2. Plaintiff concedes that he is subject to the 28 U.S.C. § 1915(g) three-strikes bar, but contends that he is entitled to proceed as a pauper in this case pursuant to the "imminent danger" exception. For the following reasons, the undersigned recommends that this case be dismissed pursuant to the three-strikes bar and for failure to exhaust administrative remedies before filing.

The Prison Litigation Reform Act amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

physical injury.

28 U.S.C. § 1915(g).

A review of the Court's PACER case locator confirms that Plaintiff is subject to the three-strikes bar. *See*, *e.g.*, *Smith v. Mercer*, Case No. 3:14-cv-1156-TJC-PDB (M.D. Fla. 9/25/14) (dismissing case pursuant to three-strikes bar and noting Plaintiff's extensive filing history). Because Plaintiff is subject to the three-strikes bar, he is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). The Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is

construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

Liberally construed, the Complaint as a whole does not allege any facts that suggest that Plaintiff is in imminent danger of serious physical injury. Plaintiff claims that due to his medical history he requires a special "pre-dialysis" diet. Plaintiff alleges that while he was in disciplinary confinement, beginning on August 31, 2015, he did not consistently receive his diet tray. He contends that the food service director removed him from the diet list on October 24, 2015. Plaintiff went to the medical department on October 29, 2015, which confirmed that he should remain on the diet list. Plaintiff states that a new diet pass was written on October 29, 2015, and should have been submitted to the prison food services within 24 hours. Plaintiff alleges that on October 31, 2015, he was told that food service did not yet have a copy of his new diet pass. Plaintiff visited the medical department on October 31, 2015, for an unrelated condition and was told that the new diet pass had been provided to food service. The Complaint was signed on November 3, 2015. ECF No. 1.

These allegations do not support a finding that Plaintiff's conditions of confinement pose a risk of ongoing serious physical injury. Rather, Plaintiff's allegations reflect that he has been granted a new diet pass. Plaintiff objects to the alleged delay in implementing the new pass, but to the extent he contends that such delay poses a risk to his health it is clear from his allegations that he is receiving ongoing care by the prison's medical department, which issued a new diet pass for Plaintiff. Because Plaintiff's allegations do not show that serious physical injury is

imminent, the Court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this case as a pauper. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Further, it is apparent from the face of the Complaint, which was filed on November 6, 2015, that Plaintiff has not exhausted the DOC's three-step administrative remedy process[1] with respect to any delay in implementing his new diet pass, which he says was issued on October 29, 2015, exactly one week before he signed the Complaint. Pursuant to the Prison Litigation Reform Act (PLRA):

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Although the § 1997e exhaustion requirement is an affirmative defense, when "an affirmative defense appears on the face of a prisoner's complaint, thereby revealing

---

[1] The Florida Administrative Code provides an administrative remedy process for inmates of facilities within the Florida Department of Corrections. With certain exceptions, inmates initiate the process by submitting an informal grievance. If the inmate is dissatisfied with the response to the informal grievance, he can submit a formal grievance at the institutional level within 15 days of the response to the informal grievance. If the inmate is dissatisfied with the response to the formal grievance, to exhaust administrative remedies he must file an appeal with the Office of the Secretary within 15 days of the response to the formal grievance. *See* Fla. Admin. Code § 33-103.005-008, § 33-103.011(c).

that the prisoner cannot state a claim, the PLRA continues to require a district court to dismiss the complaint." *Okpala v. Drew*, 2007 WL 2407040 (11th Cir. Aug. 24, 2007) (unpublished) (citing *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 920-21 (2007)). Plaintiff's failure to administratively exhaust the claims in the complaint before filing this case provides an additional ground for dismissal without prejudice.

In light of the foregoing, it is respectfully **RECOMMENDED** that leave to proceed as a pauper (ECF No. 2) should be **DENIED,** that this case should be **DISMISSED WITHOUT PREJUDICE** pursuant to the 28 U.S.C § 1915(g) three-strikes bar and for failure to exhaust administrative remedies, and that all pending motions should be terminated.

**IN CHAMBERS** this 9th day of November 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**