## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

WILLIE A. SMITH,

      Plaintiff,

v.                                                                        CASE NO. 1:15-cv-00247-MP-GRJ

FOOD SERVICE
DIRECTOR MCCULLEN, et al.,

      Defendants.

_____/

## O R D E R

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated November 9, 2015. (Doc. 4).  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1).  Plaintiff has filed objections at Doc. 5.  I have made a de novo review based on those objections.

Having considered the Report and Recommendation, and the timely filed objections, I have determined that the Report and Recommendation should be adopted. The Magistrate Judge's report first concludes that Plaintiff's motion for leave to proceed in forma pauperis, Doc. 2, should be denied as he is subject to the three-strikes bar under 28 U.S.C. § 1915(g). (Doc. 4 at 1). Plaintiff acknowledges he is subject to the bar, but argues he is entitled to proceed pursuant to the imminent danger exception. The Magistrate Judge correctly concluded that Plaintiff's allegations fail to support a finding that he is at risk of imminent danger. (Doc. 4 at 3). Plaintiff objects, arguing the danger is present until he can obtain an injunction. (Doc. 5 at 2). However, Plaintiff fails to seek injunctive relief, and furthermore fails to provide facts supporting his

objection. Therefore, the Magistrate Judge appropriately determined there was no showing of a risk of imminent danger.

Next, the Magistrate Judge concluded that Plaintiff failed to exhaust the Department of Corrections' three-step administrative remedy process, and pursuant to the Prison Litigation Reform Act, is thus barred from pursuing a claim under 42 U.S.C. § 1983. (Doc. 4 at 4). In his objections, Plaintiff argues that the Magistrate misapplied the law by requiring him to exhaust administrative remedies, noting that an imminent danger allegation does not require exhaustion of remedies. (Doc. 5 at 1). However, the Magistrate Judge's report does not suggest that exhaustion of remedies is a prerequisite for an imminent danger analysis. Instead, it is used as an alternative ground for dismissal in this case. Therefore, the Magistrate Judge did not err in his argument.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.   The Magistrate Judge's Report and Recommendation, Doc. 4, is adopted and incorporated by reference in this order.

2.   Plaintiff's motion for leave to proceed in forma pauperis, Doc. 2, is DENIED.

3.   This case is DISMISSED WITHOUT PREJUDICE pursuant to the three-strikes bar in 28 U.S.C. § 1915(g), as well as for failure to exhaust administrative remedies.

4.   All pending motions are terminated.

5.   The clerk is directed to close the file.

**DONE AND ORDERED** this   _8th_ day of December, 2015

 _s/Maurice M. Paul_
Maurice M. Paul, Senior District Judge